IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GREGG M. AMORE, in his official capacity as Secretary of State for the State of Rhode Island,<br><br>　　　　Defendant. | Civil No. 1:25-cv-00639 |

## **COMPLAINT**

Plaintiff United States of America brings this action against Gregg M. Amore, in his official capacity as Secretary of State for the State of Rhode Island, and alleges:

## **INTRODUCTION**

1. Title III of the Civil Rights Act of 1960 ("CRA") imposes a "sweeping" obligation on election officials, *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), to "retain and preserve… *all* records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election…" 52 U.S.C. § 20701 (emphasis added).

2. Title III likewise grants the Attorney General of the United States the sweeping power to obtain these records: "Any record or paper required by section 301 to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed

to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative…." 52 U.S.C. § 20703. The written demand "shall contain a statement of the basis and the purpose therefor." *Id.*

3. If the custodian to whom the written demand refuses to comply, the CRA requires "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Lynd*, 306 F.2d at 225. The Attorney General or her representative may request a Federal court to issue an order directing the officer of election to produce the demanded records, akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Id.*

4. In this "summary" proceeding, *In re Gordon*, 218 F. Supp. 826, 826-27 (S.D. Miss. 1963), the Attorney General need only show that she made a "written demand" for records covered by Section 301 of the CRA and that "the person against whom an order for production is sought… has failed or refused to make such papers 'available for inspection, reproduction, and copying,'" *Lynd*, 306 F.2d at 226 (quoting 42 U.S.C. § 1974b, transferred to 52 U.S.C. § 20703). The court does not adjudicate "the factual foundation for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose' contained in the written demand" or "the scope of the order to produce." *Id.*

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a); and 52 U.S.C. § 20705.

6. Venue for this action is proper in the United States District Court for the District of Rhode Island because all actions giving rise to the suit occurred within this district, the Defendant

is a resident of the State of Rhode Island, and the records that are demanded are located in this district. 28 U.S.C. § 1391(b)(1), (c)(2); *see also* 28 U.S.C. § 120 (the state of Rhode Island constitutes a single federal district court).

## PARTIES

7. Plaintiff is the United States of America. The United States, through the Attorney General, has authority to enforce various federal election statutes, including the CRA, *see* 52 U.S.C. § 20703; the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20510(a); and Title III of the Help America Vote Act ("HAVA"), 52 U.S.C. § 21111.

8. Defendant Gregg M. Amore ("Secretary Amore") is the Secretary of State of Rhode Island and is sued in his official capacity as an "officer of election" as defined by Section 306 of the CRA. *See* 52 U.S.C. § 20706. Secretary Amore is the chief state election official responsible for coordinating Rhode Island's responsibilities under the NVRA. *See* 52 U.S.C. § 20509; R.I. Gen. Laws § 17-6-1.3 ("The secretary of state is designated as the chief state election official under section 10 of the National Voter Registration Act of 1993…."). As the chief election official, Secretary Amore is required to retain and preserve election records, including the Federal election records identified in Section 301 of the CRA. *See* 52 U.S.C. § 20701. Secretary Amore is sued in his official capacity only.

## BACKGROUND

9. This proceeding arises from the Attorney General's investigation into Rhode Island's compliance with Federal election laws, particularly the NVRA and HAVA.

10. Both the NVRA and HAVA require States to maintain accurate voter registration lists. The NVRA requires states to preserve certain records and papers that fall within the scope of Section 301 of Title III of the CRA.

11.     The NVRA requires each state to "designate a State officer or employee as the chief State election official to be responsible for coordination of State responsibilities" under the NVRA. 52 U.S.C. § 20509. Secretary Amore is the chief election official of the State of Rhode Island.

12.     The NVRA requires States to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of" the death of the registrant, or "a change in the residence of the registrant, in accordance with subsections (b), (c), and (d)[.]" 52 U.S.C. § 20507(a)(4)(A)-(B).

13.     The NVRA also requires States to maintain, with exceptions not relevant here, "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters…" 52 U.S.C. § 20507(i)(1).

14.     HAVA requires all States to maintain and administer "a single, uniform, official, centralized, interactive computerized statewide voter registration list" that contains "the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State…" 52 U.S.C. § 21083(a)(1)(A).

15.     HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records," 52 U.S.C. § 21083(a)(4), and prohibits States from processing voter-registration applications without obtaining and verifying certain identifying information from the applicants. 52 U.S.C. § 21083(a)(5)(A).

## FACTUAL ALLEGATIONS

16.     The United States Election Assistance Commission ("EAC") – "an independent, bipartisan commission whose mission is to help election officials improve the administration of elections and help Americans participate in the election process" – conducts a biennial Election

Administration and Voting Survey ("EAVS"). EAC, *About the EAC*, http://eac.gov/about (last visited Nov. 14, 2025).

17. For the EAC's most recent report, "Election Administration and Voting Survey 2024 Comprehensive Report: A Report from the U.S. Election Assistance Commission to the 119th Congress" ("2024 EAVS Report"), States "reported data on their efforts to keep voter registration lists current and accurate, known as list maintenance." EAC, 2024 EAVS Report at iv.[1]

18. Based on a review of the 2024 EAVS Report, the Attorney General, acting through her representative, the Assistant Attorney General for Civil Rights, sent a letter to Secretary Amore on September 8, 2025, seeking information regarding Rhode Island's compliance with federal election law. Ex. 1 to Decl. of Maureen Riordan ("Riordan Decl."), Ltr. from the Asst. Att'y Gen. to Sec'y Gregg M. Amore (Sept. 8, 2025) ("September 8 Letter").

19. The September 8 Letter requested – pursuant to Section 8(i) of the NVRA – that Rhode Island provide a current electronic copy of its computerized statewide voter registration list ("SVRL"), required under Section 303 of HAVA. *Id.*

20. The September 8 Letter also contained a written demand made pursuant to Section 301 of the CRA, 52 U.S.C. § 20703, demanding "an electronic copy of Rhode Island's complete and current VRL" and advised that "[t]he purpose of the request is to ascertain Rhode Island's compliance with the list maintenance requirements of the NVRA and HAVA." *See* Ex. 1 to Riordan Decl. at 2 (describing the scope of records and papers demanded). The letter directed that the SVRL should contain all fields, which includes the registrant's full name, date of birth,

---

[1] https://www.eac.gov/sites/default/files/2025-07/2024_EAVS_Report_508.pdf (last visited Nov. 24, 2025).

residential address, his or her state driver's license number, or the last four digits of the registrant's social security number as required by HAVA to register individuals for federal elections. *Id.* at 1, 3 & n.3.

21. The September 8 Letter explained that "HAVA specifies that the 'last 4 digits of a social security number… shall not be considered to be a social security number for purposes of section 7 of the Privacy Act of 1974.'" *Id.* at 2 (citing 5 U.S.C. § 552a note; 52 U.S.C. § 21083(c)). In addition, it explained that any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority as the Attorney General is now doing. *See id.*

22. Finally, the September 8 Letter also made clear that the requested records will be maintained consistent with Privacy Act protections as explained on the Department's website.[2] *See id.*

23. The full list of routine uses for this collection of information can be found in the System of Records Notice ("SORN") titled, JUSTICE/CRT – 001, "Central Civil Rights Division Index File and Associated Records," 68 Fed. Reg. 47610-01, 611 (Aug. 11, 2003); 70 Fed. Reg. 43904-01 (July 29, 2005); and 82 Fed. Reg. 24147-01 (May 25, 2017). The statutes cited for routine use in the SORN include the NVRA, HAVA, and the CRA. The records in the SORN are kept under the authority of 44 U.S.C. § 3101 and in the ordinary course of fulfilling the responsibility assigned to the Civil Rights Division under the provisions of 28 C.F.R. §§ 0.50,

---

[2] https://civilrights.justice.gov/privacy-policy#:~:text=Our%20Statutes-,Privacy%20Act%20Statement,the%20scope%20of%20our%20jurisdiction.

0.51. This information is included in the Privacy Act link that was provided to Secretary Amore in the September 8 Letter.

24. The September 8 Letter asked Secretary Amore to produce the requested information and records by encrypted email or via the secure file-sharing system, Justice Enterprise File Sharing (JEFS). Ex. 1 to Riordan Decl. at 3.

25. In response, on September 16, 2025, Secretary Amore sent a letter refusing to provide the requested SVRL, stating Rhode Island "objects to providing" information that the Secretary Amore asserted constitutes "personally identifiable information (PII) such as 'state driver's license number or the last four digits of the registrant's social security number.'" Ex. 2 to Riordan Decl., Ltr. from Sec'y Gregg M. Amore to the Asst. Att'y Gen. (Sept. 16, 2025) ("September 16 Letter") (quoting September 8 Letter).

26. Through the September 16 Letter, Secretary Amore refused the Attorney General's written demand made through her representative, the Assistant Attorney General for Civil Rights.

## COUNT ONE
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

27. On September 8, 2025, the Attorney General, acting through her representative the Assistant Attorney General for Civil Rights, sent a written demand to Secretary Amore for the production of specific election records, as authorized by Section 303 of the CRA, 52 U.S.C. § 20703.

28. The written demand "contain[ed] a statement of the basis and the purpose therefor." 52 U.S.C. § 20703.

29. Secretary Amore refused to provide the records requested as described in his September 16 Letter.

Wherefore, the United States respectfully requests this Court:

A. Declare that Secretary Amore's refusal to provide the Federal election records upon a demand by the Attorney General, acting through her representative the Assistant Attorney General for Civil Rights, violates Section 303 of the Civil Rights Act, 52 U.S.C. § 20703;

B. Order Secretary Amore to provide to the Attorney General's representative, the Assistant Attorney General for Civil Rights, an electronic copy of Rhode Island's statewide Voter Registration List within five days, to include each registrant's name, date of birth, address, and as required by HAVA, the last four digits of the registrant's social security number, driver's license/state identification number, or the unique HAVA identifier, *see* 52 U.S.C. § 21083; and

C. Award such additional relief as the interests of justice may require.

Dated:  December 2, 2025.

                              Respectfully submitted:

                              HARMEET K. DHILLON
                              Assistant Attorney General
                              Civil Rights Division

                              */s/ James Thomas Tucker*
                              MAUREEN RIORDAN
                              Acting Chief, Voting Section
                              TIMOTHY F. MELLETT
                              JAMES THOMAS TUCKER
                              Attorneys, Voting Section
                              Civil Rights Division
                              U.S. Department of Justice
                              4 Constitution Square
                              150 M Street NE, Room 8.923
                              Washington, D.C. 20530
                              Telephone: (202) 307-2767
                              Email: james.t.tucker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2025, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ James Thomas Tucker*
James Thomas Tucker