**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 25-cv-639-MSM-PAS |
| ) | |
| GREGG M. AMORE, in his official capacity ) | |
| as Secretary of State for the State of Rhode ) | |
| Island, ) | |
| ) | |
| *Defendant.* ) | |

## SECRETARY OF STATE GREGG M. AMORE'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Rhode Island Secretary of State Gregg M. Amore moves to dismiss the Complaint filed by plaintiff, the United States of America through its Department of Justice (DOJ). As detailed in the attached memorandum of law, Secretary Amore's motion should be granted because DOJ fails to state a plausible claim under Title III of the Civil Rights Act of 1960 (CRA) to justify its unprecedented demand to release confidential and sensitive personal information relating to 744,618 active registered voters in Rhode Island.[1] DOJ claims it needs confidential and sensitive personal information, consisting of each registered voter's full name, date of birth, residential address, state driver's license number or the last four digits of the registrant's Social Security number, purportedly to assess whether Rhode Island's "general

---

[1] This number reflects active status registered voters as of January 2026 as maintained by the Rhode Island Department of State, available at https://datahub.sos.ri.gov/RegisteredVoter.aspx (last visited Jan. 13, 2026).

programs" for voter list maintenance demonstrate the "reasonable efforts" required by the National Voter Registration Act of 1993 (NVRA) and Help America Vote Act of 2002 (HAVA).[2]

Although Secretary Amore expressed a willingness to provide DOJ with Rhode Island's publicly available voter registration list that, consistent with federal and state laws, protects confidential and sensitive information from disclosure, DOJ commenced this action to compel Secretary Amore to produce an electronic version of Rhode Island's complete voter registration list, including non-public personally identifiable information. The only authority DOJ provides for its demand is the CRA, which permits DOJ to seek some voter records from states but only as part of an investigation into racially discriminatory voting practices. No such racially discriminatory voting practices are alleged here. The CRA further requires DOJ to state both "the basis" and "the purpose" for any records demand. The Complaint fails to allege the basis for DOJ's demand, and the only alleged purpose is to "ascertain Rhode Island's compliance with the list maintenance requirements of the NVRA and HAVA." Compl. ¶ 20. Both statutes, however, make clear that list maintenance is a responsibility committed to the states' broad discretion, and any purported assessment of Rhode Island's "reasonable efforts" to comply with federal requirements do not plausibly require granting DOJ electronic access to a trove of confidential and sensitive records containing personal information on hundreds of thousands of registered voters in Rhode Island.

Indeed, release of confidential and sensitive information contained in Rhode Island's electronic voter registration list would violate state confidentiality and federal privacy laws. Rhode Island law specifically prohibits the disclosure of confidential voter information, including

---

[2] *See* 52 U.S.C §§ 20501 to 20511 (NVRA) and 52 U.S.C. §§ 21081 to 21085, 21111 (HAVA).

a registrant's state driver's license and last 4 digits of a registrant's Social Security number.  R.I. Gen. L. § 17-9.1-34(f); 410 RICR-20-00-19.5.  The federal Privacy Act of 1974 and E-Government Act of 2002 likewise preclude DOJ from collecting the confidential voter records it seeks.

For all of these reasons, which are explained more fully in the attached memorandum of law, DOJ has no valid legal basis for demanding an electronic version of Rhode Island's complete voter registration list, including non-public personally identifiable information.  Secretary Amore's motion to dismiss should accordingly be granted.[3]

### Statement Regarding Oral Argument

Pursuant to Local Rule 7(c), Secretary Amore requests oral argument on the foregoing motion as he believes it will assist the Court in its deliberations.  Secretary Amore estimates that approximately two hours would be sufficient for all parties, including the intervenors (ECF Nos. 5 and 15), to present their arguments.  No evidentiary hearing is requested.

Respectfully submitted,

SECRETARY OF STATE
GREGG M. AMORE,

By his counsel,
PETER F. NERONHA
ATTORNEY GENERAL

*/s/ James J. Arguin*
James J. Arguin (#10972)
Kyla Duffy (#10897)
Special Assistant Attorneys General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Facsimile: (401) 222-3016
jarguin@riag.ri.gov/kduffy@riag.ri.gov

Dated: January 13, 2026

---

[3] DOJ's accompanying motion to compel (ECF No. 2) must likewise be denied as it is premised on the same flawed legal claim and theories as the Complaint.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 13, 2026, a copy of the foregoing document was electronically filed with the Clerk of the Court *via* the Court's CM/ECF system, which sent notification of such filing to all counsel of record by electronic means.


*/s/ James J. Arguin*