IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. GREGG M. AMORE, in his official capacity as Secretary of State for the State of Rhode Island, *Defendant*. | Civil Action No. 25-cv-639-MSM-PAS |

### SECRETARY OF STATE GREGG M. AMORE'S OPPOSITION TO UNITED STATES' MOTION TO COMPEL PRODUCTION OF DOCUMENTS DEMANDED PURSUANT TO 52 U.S.C. § 20705

Rhode Island Secretary of State Gregg M. Amore opposes the motion to compel production of documents filed by plaintiff, the United States of America through its Department of Justice (DOJ). ECF No. 2. DOJ's motion to compel seeks precisely the same relief as the underlying Complaint: an order directing Secretary Amore to produce an electronic version of Rhode Island's complete voter registration list without redaction of any confidential, personally identifiable information, including individual voter state driver's license numbers or the last four digits of Social Security numbers. *Compare* ECF No. 1 at 8 and ECF No. 2 at 3. It should be denied for the same reasons detailed in Secretary Amore's previously filed motion to dismiss and supporting memorandum of law. ECF Nos. 26 and 26-1.

Given the substantial overlap in the underlying legal issues, Secretary Amore proposed that briefing related to DOJ's motion to compel be stayed pending resolution of the Secretary's motion to dismiss the Complaint. DOJ rejected that proposal, even though granting Secretary Amore's motion to dismiss would moot DOJ's parallel motion to compel. No efficiency is gained by

1

repeating the same arguments already submitted in support of Secretary Amore's motion to dismiss. Accordingly, in the interests of judicial efficiency and economy, Secretary Amore incorporates and reasserts as if fully set forth herein the arguments previously submitted in support of his motion to dismiss the Complaint, *see Gray v. Derderian*, No. 04-312, 2007 WL 2253497, *3, n.7 (D.R.I. Aug. 3, 2007) (allowing parties to incorporate by reference earlier filings rather than repeat them); *Issacs v. Trustees of Dartmouth College*, No. 17-40, 2017 WL. 2881130, **2-3 (D.N.H. Jul. 6, 2017) (citing the interests of efficiency and economy in allowing parties to incorporate earlier filings in the same case); *U.S. f/b/o Doten's Const., Inc. v. JMG Excavating & Const. Co.*, No. 03-134-P-S, 2004 WL 2607800, at *2 (D. Me. Nov. 17, 2004) (same), and respectfully directs the Court's attention to the following specific arguments made in his earlier filings, addressing contentions made in DOJ's parallel motion to compel:

- DOJ's reliance on the Civil Rights Act of 1960 (CRA) is misplaced because no discriminatory elections practices are alleged in its Complaint. *See* ECF No. 26-1 at 16-18.

- DOJ failed to properly state both the basis and the purpose for its records demand, contrary to the requirements of the CRA. *Id.* at 18-23.

- DOJ's fails to demonstrate why a complete, unredacted electronic version of Rhode Island's voter registration list is required to undertake its purported assessment of whether Rhode Island's "general programs" for voter list maintenance demonstrate the "reasonable efforts" required by the National Voter Registration Act of 1993 (NVRA) and Help America Vote Act of 2002 (HAVA).[1] *Id.*

---

[1] *See* 52 U.S.C §§ 20501 to 20511 (NVRA) and 52 U.S.C. §§ 21081 to 21085, 21111 (HAVA).

- There is no statutory or other lawful basis for DOJ to invoke any "special statutory proceeding" that would diminish judicial review of DOJ's records demand to a mere "rubber stamp." The Supreme Court has expressly held that courts must assess whether any such demand complies with the "appropriate process" established by the governing statute and Federal Rules of Procedure. That process has not been followed here. *Id.* at 23-27.

- DOJ's demand for an electronic version of Rhode Island's complete voter registration list exceeds the limited form of production the CRA requires. *Id.* at 28-29.

- Compliance with DOJ's demand to produce an unredacted electronic version of Rhode Island's complete voter registration list would violate state confidentiality and federal privacy protections. DOJ's contrary contention based primarily on an unpublished and clearly distinguishable trial court decision from South Carolina is misplaced. *Id.* at 29-40.

For all of these reasons, which are explained more fully in Secretary Amore's accompanying motion to dismiss and supporting memorandum of law, DOJ's motion to compel production of an electronic version of Rhode Island's complete voter registration list, without redaction of sensitive and confidential personally identifiable information, including registered voter drivers' license numbers and last four digits of Social Security numbers, should be denied.

    Respectfully submitted,

    SECRETARY OF STATE
    GREGG M. AMORE,

By his counsel,

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ James J. Arguin*
James J. Arguin (#10972)
Kyla Duffy (#10897)
Special Assistant Attorneys General
R.I. Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
Facsimile: (401) 222-3016
jarguin@riag.ri.gov
kduffy@riag.ri.gov

Dated: January 13, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2026, a copy of the foregoing document was electronically filed with the Clerk of the Court *via* the Court's CM/ECF system, which sent notification of such filing to all counsel of record by electronic means.

*/s/ James J. Arguin*